**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50207 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:17-cr-01581-WQH |
| MARIO ALBERTO RUBI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 15, 2019**
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,*** District Judge.

Defendant-Appellant Mario Rubi appeals a jury verdict finding him guilty of

importation of methamphetamine and heroin in violation of 21 U.S.C. §§ 952 and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

960.  He also appeals his sentence.  Rubi argues that the district court abused its discretion by allowing expert testimony on the issue of "knowing" versus "unknowing" drug couriers.  Rubi also contends that the district court's failure to include a two-level downward adjustment to his sentencing guidelines calculation for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1(a) was plain error.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

At trial, the primary focus of Rubi's defense was the theory that he was an "unknowing courier."  In other words, Rubi claimed that, although he willingly drove the vehicle across the United States border with Mexico, he was unaware that there were drugs inside the vehicle.  After a Government expert (*i.e.* Agent Kiesel) was questioned by defense counsel on cross-examination as to drug trafficking organizations' use of "unknowing couriers" or "blind mules," he was permitted by the court to testify that drug trafficking organizations do not generally utilize unknowing couriers and that − in the over 700 investigations he had participated in − he never encountered a case involving an unknowing courier. The court allowed recross-examination by defense counsel and Kiesel stated that, although he personally never had a case involving a blind mule, he was aware that such cases existed.

We review the district court's decision to admit expert testimony for an

abuse of discretion. *See United States v. Mejia-Luna*, 562 F.3d 1215, 1218 (9th Cir. 2009). We will only reverse the ruling below if it was "manifestly erroneous." *Id.* at 1219.

The district court did not abuse its discretion in admitting Agent Kiesel's testimony regarding unknowing couriers. Agent Kiesel established the reliability of his opinion when he testified regarding his extensive background and experience in drug trafficking cases, including serving as lead case agent in "over 185 narcotics investigations" and participating more generally in "upwards of 700" investigations. Furthermore, Defendant "opened the door" to modus operandi evidence by asking Agent Kiesel whether the drugs, fuel pump, or gas tank had been fingerprinted and later as to the use of unknowing couriers. Finally, Agent Kiesel's testimony on the issue of unknowing couriers was limited to whether, based on his expertise, drug couriers typically have knowledge of the drugs they are transporting. It was not an abuse of discretion to allow the Government to elicit this testimony. *See United States v. Gomez*, 725 F.3d 1121, 1128-29 (9th Cir. 2013) (finding similar testimony from the Government's expert witness − "that drug-trafficking organizations do not use unknowing drug couriers" − to be "probative and relevant, and it was not unduly prejudicial."); *United States v. Murillo*, 255 F.3d 1169, 1177-78 (9th Cir. 2001) (holding that "unknowing courier" testimony was relevant and admissible under Federal Rule of Evidence

704).

As to his sentencing challenge, it is undisputed that Rubi did not ask the district court to apply a two-level downward adjustment of the guidelines sentence for acceptance of responsibility. Therefore, we review the district court's sentencing guidelines calculation for plain error. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005).

Under the Sentencing Guidelines, a district court may grant a two-level downward adjustment to a defendant who "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The district court explicitly acknowledged that Rubi could not be penalized "for going to trial or exercising his rights," but found that the record as a whole − particularly Rubi's unwillingness to admit his knowledge of the drug trafficking scheme (an essential element of the jury's verdict) − supported the finding that Rubi did not clearly demonstrate acceptance of responsibility. The district court did not plainly err in finding that Rubi was ineligible for a downward adjustment for acceptance of responsibility.

**AFFIRMED.**